State of Wisconsin, Plaintiff-Respondent,
v.
Chad Peter Hoffstatter, Defendant-Appellant.
No. 03-0446-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 25, 2004.
Before Deininger, P.J., Dykman and Vergeront, JJ.
¶1. PER CURIAM.
Chad Hoffstatter appeals from a judgment convicting him of possession of THC with intent to deliver. He argues that evidence gathered pursuant to a search warrant should have been suppressed because the information used to obtain the warrant was stale and unreliable. We disagree and affirm.
¶2. "The Fourth Amendment to the United States Constitution and art. I, § 11 of the Wisconsin Constitution both protect citizens from unreasonable searches and seizures." State v. Pallone, 2000 WI 77, ¶28, 236 Wis. 2d 162, 613 N.W.2d 568 (citations omitted). "The duty of the court issuing the warrant is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before it, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Multaler, 2002 WI 35, ¶8, 252 Wis. 2d 54, 643 N.W.2d 437. "We accord great deference to the warrant-issuing judge's determination of probable cause, and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." Id., ¶7.
¶3. Hoffstatter argues that the information used to procure the warrant to search his home was too old. When the police applied to the magistrate for a warrant, they presented information John Dahl had given to them several days earlier. Dahl, who had been arrested for possession of drugs, stated that he had been to Hoffstatter's residence approximately two weeks prior to his arrest and observed twelve marijuana plants hanging in a closet to dry. Dahl advised that Hoffstatter had grown the marijuana in a field several months earlier and was drying it in order to prepare it for consumption. Dahl also stated that Hoffstatter gave him some of the marijuana.
¶4. "The probable cause determination in the face of a staleness challenge depends upon the nature of the underlying circumstances, whether the activity is of a protracted or continuous nature, the nature of the criminal activity under investigation, and the nature of what is being sought." Multaler, 252 Wis. 2d 54, ¶37. "If old information in a warrant affidavit contributes to an inference that probable cause exists at the time of the application for the warrant, the age of the information is no taint." Id., ¶36.
¶5. We conclude the information was not stale. Dahl told the police that Hoffstatter had marijuana plants in his home that he was drying, a process that continues over a period of time, as is evidenced by the fact that the marijuana had been harvested several months earlier. Dahl's information contributed to the inference that marijuana would be present in Hoffstatter's home at the time the police applied for the warrant because Hoffstatter was in the midst of drying it so that it could be used. Due to the on-going nature of the drying process, the judge could reasonably have concluded that there was a fair probability that the marijuana would still be present.
¶6. Hoffstatter also argues that the search warrant was invalid because Dahl was not a reliable informant. We disagree. It was in Dahl's self-interest to provide accurate information to the police because he had been arrested. A show of cooperation on his part could only work to his benefit.[1] The reliability of the information provided by Dahl was bolstered by the detail with which Dahl described the circumstances under which he was at Hoffstatter's house and the detail with which he described where the marijuana was and why it was there. See State v. Williams, 2001 WI 21, 241 Wis. 2d 631, 623 N.W.2d 106, cert. denied, 534 U.S. 949 (2001) (an informant's reliability should be evaluated based on his or her opportunity to hear and see the matter reported). Therefore, we reject Hoffstatter's claim that the warrant was invalid because Dahl was not sufficiently reliable.
By the Court.  Judgment affirmed.
NOTES
[1] The State suggests that Dahl's statements were reliable because they were against his penal interest. We reject this line of argument. Dahl had already been arrested. He stood to benefit by possibly being given leniency for providing accurate information.